# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL H. PADILLA, ID # 356764, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-2054-N (BH) |
| | ) | |
| 203rd JUDICIAL DISTRICT COURT, | ) | |
| ET AL., | ) | |
|     Respondents. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion for Leave to File Pleadings*, received August 24, 2017 (doc. 5), should be **DENIED**.

## I. BACKGROUND

On August 3, 2017, Ismael H. Padilla (Petitioner) filed a 28 U.S.C. § 2254 habeas petition that challenged his 1983 state convictions for aggravated robbery and rape in Cause Nos. F83-88766 and F82-90756 in Dallas County, Texas. (Doc. 2.)

Petitioner has previously been sanctioned for filing numerous challenges to those convictions, and he is barred from filing any successive habeas petition in this Court challenging his aggravated robbery and aggravated rape convictions unless accompanied by a motion for leave to file it. *See Padilla v. Stephens*, No. 3:14-CV-779-B, Docket No. 6 (N.D. Tex. Apr. 29, 2014); *see also Padilla v. Stephens*, No. 3:16-CV-384-D, Docket No. 6 (N.D. Tex. Feb. 24, 2016) (administratively closing challenge to same convictions for failure to comply with sanctions orders); *Padilla v. Stephens*, No. 3:15-CV-2974-O, Docket No. 11 (N.D. Tex. Jan. 22, 2016) (same). He has also been assessed a $100 monetary sanction on at least seven occasions, and he is barred from filing any pleadings that challenge his robbery and rape convictions until the sanctions are paid in full,

unless he first obtains leave of the court in which he seeks to file his pleadings. *See Padilla v. Stephens*, No. 14-10354 (5th Cir. Mar. 10, 2015); *Padilla v. Stephens*, No. 14-10597 (5th Cir. Mar. 6, 2015); *Padilla v. Stephens*, No. 14-10662 (5th Cir. Mar. 4, 2015); *Padilla v. Stephens*, No. 14-10591 (5th Cir. Feb. 10, 2015); *In re Padilla*, No. 14-10344 (July 22, 2014); *Padilla v. Stephens*, No. 14-10473 (5th Cir. June 18, 2014); *In re Padilla*, No. 14-10307 (5th Cir. June 18, 2014).

On August 7, 2017, this case was administratively closed pursuant to the sanctions orders because Petitioner did not file a motion for leave to file the petition or demonstrate that he has paid the monetary sanctions. (Doc. 4.) He now seeks leave to file his petition.

## II. MOTION FOR LEAVE TO FILE

Because Petitioner has not demonstrated that he has paid the monetary sanctions, he must obtain leave to file any new challenge to his state convictions. Petitioner's motion asserts that he is challenging the adding of sanctions to his sentences. (*See* doc. 5 at 2.) Contrary to his vague assertions, he is again requesting relief from his state convictions and custody. (*See* doc. 2 at 84). A district court cannot exercise jurisdiction over a successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Petitioner has not shown that the United States Court of Appeals for the Fifth Circuit has issued an order authorizing the district court to consider this successive petition for habeas relief. He has not shown that he should be permitted to file yet another successive petition.

## III. RECOMMENDATION

Petitioner's motion for leave to file (doc. 5) should be **DENIED**.

**SO RECOMMENDED** this 25th day of August, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE